UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tracy L. Lesure, | ) | Case No. 1:15 CV 1555 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER OF REMAND |
| City of East Cleveland, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court pursuant to the Court's Order requesting the parties to show cause why this Court has subject matter jurisdiction of this matter. Specifically, this state court action was removed by the Third Party Plaintiffs from the Court of Common Pleas for Cuyahoga County based upon alleged federal claims asserted in the Third Party Complaint.

## PROCEDURAL AND FACTUAL BACKGROUND

This action was filed by Plaintiff Tracy L. Lesure, individually and as administratrix of the Estate of Devion Lesure, against Defendants City of East Cleveland and one of its employees, Eddie J. Wilson. Ms. Lesure is the grandmother of nine year old Devion Lesure. On April 17, 2015, at 3:30 in the afternoon, Devion was struck by a 2001 Ford F-750 dump truck allegedly driven by Mr. Wilson in the course of his employment with the City of East Cleveland. Devion died as a result of the injuries he sustained in that accident. Plaintiff's complaint asserts four state law claims for negligence and wrongful death against Mr. Wilson and the City of East Cleveland.

The City of East Cleveland and Mr. Wilson filed a third party complaint, essentially seeking indemnification and/or contribution from the East Cleveland City School District Board of Education, five members of the East Cleveland City Board of Education in their official and

individual capacities, the Superintendent of the East Cleveland City School District, the Administrator of Special Education for the East Cleveland School District in her official and individual capacities, the former and current Principals of Caledonia Elementary School, in their official and individual capacities. (collectively the "School Defendants"). The gist of the claims against the School Defendants is that a substantial factor in the death of Devion Lesure was the School Defendant's failure to intervene, in alleged violation of federal and state laws, to protect Devion from bullying. Also named as third party defendants are J. C., a 12 year old child who allegedly "bullied" Devion, along with his parents Jimmie Lee and Ann Marie Campbell. Finally, the third party complaint asserts claims against Devion' mother, Sabrina Lesure and C.L., Devion's 12 year old sister. All of the claims against the non-school third party defendants are state law claims for assault, negligent supervision or indemnification. The Third Party Complaint asserted the following claims: (1) Deliberate Indifference Failure to Follow District Policy Resulting in Wrongful Death against the School Defendants (not including the two Principals); (2) Failure to Properly Train and Monitor against the same School Defendants as in Count 1; (3) Civil Assault against the J.C., the minor child, by and through his father Jimmie Campbell; (4) contribution/indemnification through R.C. § 3109 against Ann Marie Campbell, mother of J.C.; (5) contribution/indemnification through R.C. § 3109 against Jimmie Campbell, father of J.C.; (6) Negligent Supervision of J.C. against Jimmie and Ann Marie Campbell; (7) Negligent Supervision against Sabrina Lesure, mother of Devion; and (8) Negligent Supervision against C.L., Devion's 12 year old sister, by and through her mother Sabrina Lesure.[1]

---

[1] While the former and current Principals of Caledonia Elementary School were named as third party defendants, none of the claims asserted in Counts 1-8 refer to either of them.

The City of East Cleveland and Eddie Wilson, as third party plaintiffs, removed this action to this Court based upon the "federal claims" raised in the third party complaint. This Court ordered the parties to show cause why this action should not be remanded to state court given the fact that the removal statute permits *defendants* to remove appropriate actions to federal court and the Sixth Circuit has specifically ruled that third party defendants are not defendants entitled to remove actions under 28 U.S.C. § 1441(a). See *First National Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002); *Waymire v. Leonard*, 724 F.Supp.2d 876 (S.D. Ohio 2010).[2]

## ANALYSIS

Third party Plaintiffs City of East Cleveland and Eddie Wilson, as well as the third party School District Defendants assert that removal is proper under the revisions to the removal statutes, 28 U.S.C. §§ 1441(a) and 1441 (c), as amended in 2012. The issue of whether removal of an action by a third party defendant based only upon federal claims in a third party complaint is permissible under §§ 1441(a) and (c), as revised in 2012, was recently addressed by Chief Judge Rosen in *Life Skills Village, PLLC v. Auto-Owners Insurance Co.*, 16 F.Supp.3d 872 (E.D. Mich 2014). After reviewing the amended versions of §§ 1441(a) and (c), Judge Rosen found

---

After removal to this Court, Third Party Plaintiffs filed an Amended Third Party Complaint adding a claim against Principal Trammell for an alleged violation of 42 U.S.C. Section 1983.

[2]

The Court recognizes that the Third Party Plaintiffs are also the original defendants in the this action. However, they did not remove this action based upon the Plaintiff's complaint and would have been barred from removing based upon any alleged federal claims in a counterclaim. If a third party defendant is barred from removing an action based on a third party complaint, a third party plaintiff should also be barred from removing an action based on the third party complaint.

3

that third party defendants may not remove an action. He wrote:

> The prior language of § 1441(c) read:
>
>> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
>
> This Court previously had determined that § 1441(c) represented an unconstitutional exercise of subject matter jurisdiction because it purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction. See *Salei v. Boardwalk Regency Corporation*, 913 F.Supp. 993 (E.D.Mich.1996). To cure this problem, Congress amended Section 1441(c) as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. See House Report (Judiciary Committee) No. 112–10 to accompany H.R. 394, 2011 U.S.C.C.A.N. 576, 2011 WL 484052 (Feb. 11, 2011) (specifically referencing the *Salei* decision).
>
> As amended, § 1441(c) now reads:
>
>> (c) Joinder of Federal law claims and State law claims—
>>
>> (1) If a civil action includes—
>>
>> (A) a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title); and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

As is apparent, the revised language of § 1441(c), however, does not materially alter a third-party defendant's ability to remove under the statute. Contrary to [third party defendant's] argument, the new language does not make every case containing a claim arising under federal law removable; the amendment instead clarifies that subsection (c) allows removal of an action containing nonremovable claims only if the action would be removable in the absence of the nonremovable claim. *Mutual Pharmaceutical Co., Inc. v. Goldman*, 2012 WL 2594250 at *17 (E.D.Pa. July 3, 2012).

The language of subsection 1441(a), however, was not changed. Section 1441(a), both prior to and after the implementation of the Jurisdiction and Venue Clarification Act, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants*." 28 U.S.C. § 1441(a) (emphasis added).

> Had Congress intended to permit removal by third-party defendants, it could have amended § 1441(a) to clarify the definition of "the defendant or the defendants," or added additional language to § 1441(c) specifying that removal under that subsection is available to parties other than original defendants. It did not.

*Mutual Pharmaceuticals Co., Inc. v. Goldman*, 2012 WL 2594250 at *17. *See also U.S. Bank, N.A. v. Ernst*, 2013 WL 3353989 at *2 (W.D.Okla. July 3, 2013) (same); *Noland v. Energy Res. Tech., Inc.*, 2013 WL 177446 at *6 (S.D.Tex. Jan. 16, 2013).

This Court agrees with the *Mutual Pharmaceuticals* court. Moreover,

> [g]iven the Supreme Court's guidance that removal legislation be strictly construed, *See Shamrock Oil [& Gas Corp. v. Sheets,]* 313 U.S. [100,] 108, [61 S.Ct. 868 (1941)], the majority view that third-party defendants lack standing to remove cases to federal court ... has become only more persuasive since the amendment of 28 U.S.C. § 1441(c).

*Certain Underwriters at Lloyd's of London v. Art Crating, Inc.*,

5

2014 WL 123488 at *17 (E.D.N.Y. January 10, 2014).

For the foregoing reasons, the Court concludes that this case was improvidently removed from State court.

*Life Skills Village, PLLC v. Auto-Owners Ins. Co.*, 16 F. Supp. 3d 872, 873-74 (E.D. Mich. 2014). For the reasons so ably stated by Judge Rosen, the Court finds that this action was also improvidently removed from state court and as such, it is remanded. The Clerk of Courts is directed to remand this action to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 2, 2016